Vandyke Johnson
850 West 176th Street
Basement Apartment
New York, N.Y. 10033
Teknoman24@gmail.com

RECEIVED

2020 APR 10  AM 10: 07

U S DISTRICT COURT SDNY

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VANDYKE JOHNSON, )<br><br>)<br><br>)<br><br>Plaintiff )<br><br>)<br><br>)<br><br>-vs- )<br><br>)<br><br>CITY OF NEW YORK; )<br>N.Y.P.D. OFFICER RANDAZZO, )<br>BADGE NO. 959119; )<br>N.Y.P.D. OFFICER HOTONIEL DIAZ; )<br>JOHN DOE #1; JOHN DOE #2; )<br>RACHEAL GARCIA; )<br>WANDALY TORRES; THE NEW )<br>YORK CITY DEPARTMENT OF )<br>EDUCATION; )<br>DIANA ALAMA, CPS WORKER; )<br>AND DAVID A. HANSELL, Commissioner )<br>Administration for Children's Services )<br><br>)<br><br>Defendant(s). )<br>_____ ) | **Civil Case no.:**<br><br><br><br>**COMPLAINT AND DEMAND**<br>**FOR TRIAL BY JURY** |

The Plaintiff, proceeding Pro-Se, Vandyke Johnson, residing in the State of New York, at

850 West 176th Street, Basement Apartment, New York, 10033, say by way of the Complaint:

### PRELIMINARY STATEMENT

This lawsuit filed by the Plaintiff originates from 1 incident into 3 incidents, caused by

the Defendants named within the lawsuit. Child Abuse is a very serious offense against society

and can lead to loss of parental rights as well as loss of children from the parents. Plaintiff was

1

charged with heinous crimes begging with the August 22, 2019 incident, Plaintiff was charged with Assault in the 3rd Degree (2 counts); Harassment in the 2nd Degree; and Endangering the Welfare of a child (2 counts); all which was dismissed on November 25, 2019 (see attachment); however, Plaintiff was arrested again, on November 25, 2019, from Criminal Contempt for going back to his home on the same day of the previous charges was dismissed.

The charges against the Plaintiff was dismissed on March 5, 2020; and the last criminal charge, Plaintiff was arrested for criminal contempt on February 12, 2020. Plaintiff expects the dismissal on criminal charges on May 14, 2020. All the arrests of the Plaintiff involved personnel from the 33rd Precinct; the November 25, 2019 arrest, involved Defendant Diana Alama and the 33rd Precinct, and finally, the February 12, 2020 arrested involved Defendant Diana Alama, Defendant Torres, Defendant Garcia, and the 33rd Precinct. Plaintiff brings the lawsuit against the Defendants under Federal and State law for redress of his civil rights as well as other state law claims the Plaintiff is claiming within this lawsuit.

## JURISDICTION AND VENUE

1. This is a Civil Rights action seeking damages against Defendants for committing acts, under Color of Law, which deprived the Plaintiff and his family, federal and state civil rights secured under the United States Constitution and the laws of the State of the New York. The Court have jurisdiction under 42 U.S.C. § 1983, 28 U.S.C. § 1331, § 1343(3) and the federal statutory and constitutional provisions. The Court have supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this district under 28 U.S.C. § 1391 (b) in that all claims arose in this district.

3. The amount in controversy exceeds $75,000.00 excluding interest and costs.

## PARTIES

### PLAINTIFF

4.        The Plaintiff, VANDYKE JOHNSON, is a citizen of the United States and resides

in the State of New York. The place of residence of the Plaintiff and his family is 850

West 176th Street, Basement Apartment, New York, N.Y. 10033. The Plaintiff and his

family reside here.

### DEFENDANTS

5.        The Defendant(s) City of New York is a municipal corporation organized under

the laws of the State of New York. At all times relevant hereto, Defendant City, acting

through the New York Police Department (or "NYPD"), was responsible for the policy,

practice, supervision, implementation, and conduct of all NYPD matters and was

responsible for the appointment, training, supervision, discipline and retention and

conduct of all NYPD personnel.

6.        The Defendant(s) N.Y.P.D. Officer Randazzo, Badge No. 959119, works at the

33rd Precinct at 2207 Amsterdam Avenue, New York, N.Y. 10032. At relevant times,

Defendant was employed by the Defendant, City of New York. Defendant Randazzo is

sued in his individual capacity.

7.        The Defendant(s) Hotoniel Diaz, works at the 33rd Precinct at 2207 Amsterdam

Avenue, New York, N.Y. 10032. At relevant times, Defendant was employed by the

Defendant, City of New York. Defendant Diaz is sued in his individual capacity.

8.        The Defendant(s) John Doe #1 is currently unknown to the Plaintiff and  works at

the 33rd Precinct at 2207 Amsterdam Avenue, New York, N.Y. 10032. At relevant times,

Defendant was employed by the Defendant, City of New York. Defendant John Doe #1 is sued in his individual capacity.

9.      The Defendant(s) John Doe #2 is unknown to the Plaintiff and works at the 33rd Precinct at 2207 Amsterdam Avenue, New York, N.Y. 10032. At relevant times, Defendant was employed by the Defendant, City of New York. Defendant John Doe # 2 is sued in his individual capacity.

10.     The Defendant Rachael Garcia is a principal at PS 173 M, at 306 Fort Washington Avenue, New York, N.Y. 10032. Defendant Garcia is sued in her individual capacity

11.     The Defendant Wandaly Torres is a parent coordinator at P.S. 173 M, at 306 Fort Washington Avenue, New York, N.Y. 10032. Defendant Torres is sued in her individual capacity.

12.     The Defendant NEW YORK CITY DEPARTMENT OF EDUCATION is a department within the New York City government that manages the New York City School District, which is the largest school district in the United States and maintains its principal place of business at 52 Chambers Street, New York, N.Y.

13. The Defendant(s) Diana Alama is a Child Specialist Worker at 55 West 125th Street, New York, N.Y. 10027. At relevant times, Defendant was employed by the Defendant, City of New York.

14.     The Defendant(s) David A. Hansell, is the Commissioner of the Administration for Children Services who main office is at 150 William Street, New York, N.Y. 10038. At relevant times, Defendant was employed by the Defendant, City of New York.

15.     Plaintiff sues each and all Defendants (except for the City of New York) in both their individual and official capacities.

16.     At all times material to this Complaint, Defendant Randazzo of the 33rd Precinct, Badge No. 959119, acted under color of statues, customs, ordinances, and use of the State of New York, the City of New York, and the New York City Police Department.

17.     At all times material to this Complaint, Defendant Hotoniel Diaz of the 33rd Precinct, acted under color of statues, customs, ordinances, and use of the State of New York, the City of New York, and the New York City Police Department.

18.     At all times material to the Complaint, Defendant John Doe #1 of the 33rd Precinct, acted under color of statues, customs, ordinances, and use of the State of New York, the City of New York, and the New York City Police Department.

19.     At all times material to the Complaint, Defendant John Doe #2 of the 33rd Precinct, acted under color of statues, customs, ordinances, and use of the State of New York, the City of New York, and the New York City Police Department

20.     At all times material to this Complaint Defendant Diana Alama, C.P.S. worker for the Administration for Children Services (herein "ACS"), acted under color of statues, customs, ordinances, and use of the State of New York, the City of New York, and A.C.S.

21.     At all times material to this Complaint, Defendant David A. Hansell, Commissioner for A.C.S., acted under color of statues, customs, ordinances, and use of the State of New York, the City of New York, and A.C.S.

22.     At all times material to this Complaint, Defendant Rachael Garcia, principal at PS 173 M, working for the New York City Board of Education, acted under color of statues, customs, ordinances, and use of the State of New York, the City of New York, and NYC Board of Education.

23.      At all times material to this Complaint, Defendant Rachael Wandaly Torres, parent coordinator at PS 173 M, working for the New York City Board of Education, acted under color of statues, customs, ordinances, and use of the State of New York, the City of New York, and NYC Board of Education.

## NOTICE OF CLAIM

24.      Within 90 days of each of the 3 incidents, Plaintiff filed written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of the notices, and this matter has not been settled or otherwise disposed of.

## STATEMENT OF FACTS

25.  Defendant N.Y.P.D. Officer Randazzo, Badge No. 959119 Police Officer for the NYPD 33rd Precinct.

26.      On August 22, 2019 a family dispute happened when the Plaintiff found out that the stepdaughter, a minor 15 years of age, of the Plaintiff, was using corporal punishment against the Plaintiff's biological daughter, now 6-year-old. Plaintiff was informed by the neighbor, an adult, who was monitoring the underage children when the Plaintiff was not in the apartment, at 850 West 176th Street, New York, N.Y. 10033. Plaintiff's wife was working at the time as well. Plaintiff and his wife arrived simultaneously between 3-4 p.m. and a verbal dispute happen between the Plaintiff and his wife. A neighbor, who lives in the building, suggested the family go out and take breather and to solve the problem later. Plaintiff called his wife to check on her whereabouts and safety.

27.      The phone was answered by a police officer at the 33rd Precinct, who didn't give his name. The police officer informed the Plaintiff that his wife and kids was at the police station.

28.     Plaintiff then took a taxi to the 33rd Precinct to inquire what was going on. A
Police Officer approached the Plaintiff and asked if "he was willing to ask questions?"
Plaintiff stated the Police Officer at the 33rd Precinct that "he declines to answer
anything."

29.     Plaintiff then ask for his family and wanted to see his family. Police Officer told
the Plaintiff that he couldn't see his family.

30.     Plaintiff stated again to the Police Officer that he wouldn't answer any questions
and asked if he could leave.

31.     Police Officer stated that he was not allowed to leave and more than 10 Police
Officers at the 33rd Precinct surrounded and arrested the Plaintiff, with his 6-year-old,
V.M.J., a minor watching and crying hysterically not to arrest her Daddy.

32.     The Police Report, written by Defendant Randazzo, wrote that the stepdaughter
identified as A.V.O.M, 15 yr. old minor, "suffered redness to her neck, scratches on her
ankle and was dragged out of the bedroom."   P

33.     "Photos" was taken by Defendant Randazzo of the "injuries" and Plaintiff was
arrested on serious charges that includes two (2) counts of endangering the welfare of the
child, PL 260.10 (1); Assault in the 3rd Degree, PL 120.00 (2), Harassment, PL 240.26
(1), and Assault in the 3rd Degree, PL 120.00 (1).

34.     Defendant Randazzo did not take the kids Hospital.

35.     Plaintiff did not abuse his children nor drag his children out of the bedroom and
Defendant Randazzo accused the Plaintiff of child abuse, a serious crime against society
that threaten to break the Plaintiff's family apart.

36.     Plaintiff is accusing Defendant Randazzo of fabricating evidence under the color

of law, in violation of his 4th, 5th, and 14th Amendment rights that is secured by the U.S.

Constitution, False Arrest and Malicious Prosecution under New York State Law.

37.     Defendant Hotoniel Diaz Police Officer for the 33rd Precinct of the NYPD.

38.     Officer Diaz was the "arresting" officer of the Plaintiff on August 22, 2019.

39.     Plaintiff did not interact with Officer Diaz.

40.     Officer Diaz stated to A.C.S. that he "personally observed scratches and bruises

on or about A.V.O.M.'s neck and took photos.

41.     Plaintiff is accusing Defendant Diaz of fabricating evidence under the color of

law, in violation of the Plaintiff's 4th, 5th, and 14th Amendment rights that is secured by

the U.S. Constitution, False Arrest and Malicious Prosecution under New York State

Law.

42.     Defendant Diana Alama is a Child Protective Working for Administration for

Child Services in the City of New York.

43.     Defendant Alama submitted a sworn petition against the Plaintiff in Family Court

on August 28, 2019.

44.     Defendant's said petition indicated that the Plaintiff dragged his stepdaughter by

the collar and said stepdaughter suffered scratches and bruises.

45.     Defendant Alama forced the Plaintiff's family to go to the emergency room

against their will on August 23, 2019. Plaintiff's children through medical examination

performed by a Pediatrician at New York Presbyterian, found no injuries or marks.

46.     On November 25, 2019, after the dismissal of the Plaintiff's criminal case,

Plaintiff returned home.

47.     Plaintiff was not aware of any or served with outstanding protective order.

48.     Defendant Alama tried to enter the residence of the Plaintiff to see the Plaintiff's

children.

49.     Plaintiff brought the children to the front door to let Defendant Alama inspect the

children.

50.     Defendant Alama was provided a copy of the Plaintiff's dismissal of the criminal

court case.

51.     Defendant Alama returned 1 hour later with members of the NYPD of the 33rd

Precinct.

52.     Plaintiff provided a copy of the dismissal of the criminal court case to John Doe #

1.

53.     Defendant Alama presented John Doe #1, an ex parte restraining order.

54.     Plaintiff was not served with the ex parte restraining order.

55.     Plaintiff was arrested in front of his family.

56.     On February 7, 2020, Defendant Alama and A.C.S. removed the children from the

home of the Plaintiff, in a different matter, when the Plaintiff's wife was facing

allegations of abuse.

57.     Plaintiff did not give consent to exam the children.

58.     Plaintiff did not give consent for Defendant Alama to question the children.

59.     Defendant Alama and A.C.S. removed Plaintiff's children without his knowledge

and his consent.

60.     Plaintiff's criminal contempt case was dismissed on March 5, 2020.

61.     On March 18, 2020, Defendant Alama admitted under oath in Family Court "there wasn't a need for the Plaintiff's family to go to the emergency room" on August 23, 2019.

62.     Because of the Defendant Alama's revelation at the hearing, Defendant Alama knowingly provide false information to the Family Court back on August 28, 2019, when she filed a petition for Neglect against the Plaintiff.

63.     Plaintiff is accusing Defendant Alama of fabricating evidence, in violation of the Plaintiff's 4th, 5th, and 14th Amendment rights under the United States Constitution, also in violation of 2nd Circuit ruling *Tenenbaum v. Williams*, 193 F. 3d 581 (2d. Cir., 1999), Abuse of Process, False Arrest and Malicious Prosecution of Plaintiff's State rights under New York Law.

64.     Defendant David A. Hansell is the Commissioner for A.C.S. for the City of New York.

65.     Defendant Hansell along with Defendant Alama submitted a Neglect petition to the Family Court for the State of New York on August 28, 2019, which Defendant Alama admitted in open court, that there was no such need for an emergency.

66.     Defendant Hansell, through its agents, developed  unconstitutional policy forcing the Plaintiff's family to the hospital emergency room when there was no emergency.

67.     Developed unconstitutional policy for allowing workers such as Defendant Alama, to fabricate evidence; false arrest; malicious prosecution of the Plaintiff and his family.

68.     Defendant Hansell is the policymaker for A.C.S. and is responsible for its agents. The Plaintiff is accusing Defendant Hansell for vicariously liable for the actions of its

agents who knowingly provide false information to courts and commit unconstitutional acts without discipline.

69.  Defendant John Doe # 1 is a police officer for the 33rd Precinct for the NYPD.

70.  Defendant John Doe #1 arrived on the scene when Defendant Alama called 911.

71.  Defendant John Doe #1 was given a copy of the dismissal of the criminal charges of the Plaintiff's criminal case.

72.  Defendant John Doe #1 arrested the Plaintiff, based on the criminal court order of protection even though the criminal charges were dismissed.

73.  The Plaintiff is accusing John Doe #1 of false arrest without probable cause, violating the Plaintiff's 4th and 4th Amendment under Federal Law, false arrest and malicious prosecution under New York State Law.

74.  Defendant Wandaly Torres, is a parent coordinator for P.S. 173 M, located at 306 Fort Washington Avenue.

75.  Plaintiff had permission, per court order, with a resource, to see his biological daughter V.M.J. (since the filing of the lawsuit, Plaintiff's daughter returned home) after school on February 12, 2020

76.  Plaintiff provided a resource to Defendant Alama, after Defendant Alama sent the Plaintiff a text message around 1:30 pm on February 12, 2020, inquiring if the Plaintiff's cousin, Charles Butler, along with the Plaintiff, can pick up his daughter.

77.  Plaintiff sent Defendant a picture of the person who can pick up the Plaintiff's daughter from school.

78.  Defendant Alama did not inform Defendant Torres of the approved resource to pick up the Plaintiff's daughter.

79.     Defendant Torres denied the Plaintiff's approved resource, even though the resource was cleared by Defendant Alama.

80.     Plaintiff's cousin, Charles Butler attempted to pick up Plaintiff's daughter from school. Defendant Torres denied Plaintiff's cousin access to Plaintiff's daughter.

81.     Plaintiff talked to Defendant Torres and presented text messages allowing the cousin of the Plaintiff's cousin and the cleared resource of the Plaintiff to pick up the Plaintiff's daughter from school.

82.     Defendant Torres went upstairs to the office of Defendant Rachael Garcia.

83.     Defendant Torres and Defendant Garcia called 911.

84.     Plaintiff was waiting outside of the school while Plaintiff's cousin was inside the school.

85.     John Doe # 2 of the 33rd Precinct arrived and was acting aggressively with the Plaintiff by suggesting that the Plaintiff willfully violated the order of protection.

86.     John Doe # 2 was in the Plaintiff's face. Plaintiff asked John Doe # 2 "was he allowed to leave?" John Doe # 2 said no and arrested the Plaintiff.

87.     Plaintiff is anticipating the dismissal of the criminal case on May 14, 2020.

88.     During all the events about described, defendants acted maliciously and with intent to injure the Plaintiff and his family.

## **DAMAGES**

89.     As a direct and proximate result of the acts of defendants, plaintiff and his family suffered the following injuries and damages:

   a)  Violation of his rights pursuant to the 4th, 5th, and 14th Amendments to the United States Constitution.

b) Violation of their New York State Constitutional rights under Article I, Section 12 to be free from unreasonable search and seizures and  the right to be secure in a person's house.

c) Violation of their New York State Constitutional rights under Article I, Section 6 to due process.

d) Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety.

e) Loss of liberty

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)

90.      The preceding paragraphs are here incorporated by reference.

91.      Defendants Randazzo, Diaz, John Doe #1-2, Torres, and Garcia have deprived Plaintiff of his such rights and liable to Plaintiff under 42 U.S.C. § 1983.

92.      Defendants' conduct deprived plaintiffs of their right to be free of unreasonable search and seizures, pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiffs of his right to due process of law, pursuant the Fourteenth Amendment of the United States Constitution.

93.      Defendants Randazzo, Diaz, John Doe #1, and John Doe #2, fabricated evidence to illegally obtain probable cause to arrest and detention of the Plaintiff on August 22, 2019, November 25, 2019, and February 12, 2020.

94.      Defendants failed to intervene in each other's obviously illegal actions.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

95.     The above paragraphs are here incorporated by reference.

96.     The City and Defendant Hansell is liable for the damages suffered by plaintiff and his family as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of fabrication of evidence and false arrests by its police officers and C.P.S. worker, but has nevertheless exhibited deliberate indifference to such fabrication of evidence and false arrests; that deliberate indifference caused the violation of plaintiff and the family of the plaintiff constitutional rights in this case.

97.     The aforesaid event was not an isolated incident. Including the Plaintiff's 3 incidents, the City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings finding officers incredible as a matter of law, that a disturbing number of their police officers and A.C.S. workers fabricate evidence, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that aforementioned to persist.

14

98.     There is no system within the City of New York that flags police officers and/or A.C.S. workers who purposely commit perjury, fabricate evidence, and commit other constitutional violations against innocent citizens, people of color. The City and Defendant Hansell allows their agents to work without fear of being suspended, reprimanded or being fired.

99.     For example, in A.C.S. has been involved in numerous lawsuits including a lawsuit filed by then Public Advocate now State Attorney General Letitia James. A.C.S. and its agents have purposely target and embarrassed people of color living in the City of New York with false accusations of abuse, using and abusing their emergency powers to remove children from homes without a court order,  and the City and Defendant Hansell hasn't done anything to say otherwise. To bring false charges against people of color, to intimidate and threaten people of color and their families, and last and not least, fail to reunify families of color living in the City of New York.

100.     The NYC Board of Education also allows their teachers, to falsely call 911, after a parent such as the Plaintiff, who had court order, to be with a resource and to be with his daughter after school hours. Because of the staff, such as Defendant Torres and Defendant Garcia, in open court through transcript, did not like the opinion of the Plaintiff about the handling of the situation. The same opinion of the Plaintiff is protected by the First Amendment of the United States Constitution and New York State Law, that Defendant Torres and Defendant Garcia violated because in their statement to the District Attorney, "felt offended and decided to call the police", These actions by Defendant Torres and Defendant Garcia sends a terrible message about disagreements and the Defendants would invite the police to violate the constitutional rights of the Plaintiff.

### THIRD CAUSE OF ACTION
(CONSPIRACY)

101.     The above paragraphs are incorporated by reference.

102.     Defendants Randazzo, Diaz, John Doe #1, John Doe #2, and Defendant Alama

agreed to violate the plaintiffs' rights in the manner described above. Further defendants

made an agree to cover up the fact that the Defendants did not have probable cause for an

arrest, that the Defendants fabricated evidence, such as "pictures" and "bruising" to

justify an illegal arrest and detention of the Plaintiff.

103.     Plaintiff was injured as a result of the Defendants' conspiracy.

### FOURTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

104.     The above paragraphs are here incorporated by reference.

105.     Defendants Randazzo, Diaz, John Doe #1, John Doe #2, and Alama, acting under

color of law, violated the plaintiff's rights pursuant to § 6 and § 12 of the New York State

Constitution.

106.     Defendants Torres and Defendant Garcia acting under color of law, violated the

plaintiff's rights pursuant to § 8 of the New York State Constitution.

107.     A damages remedy here is necessary to effectuate the purposes of § 6, §8, and

§12 of the New York State Constitution and appropriate to ensure full realization of

plaintiff's rights under those sections.

### FIFTH CAUSE OF ACTION
(NEGLIGENT HIRING AND RETENTION)

108.     The above paragraphs are here incorporated by reference.

109.     Defendant City, through the NYPD, A.C.S. and NYC Board of Education owed a

duty of care to plaintiff because under the same or similar circumstances a reasonable,

16

prudent and careful person should have anticipated an injury to plaintiff or those in a position similar to plaintiff's as a result of this conduct.

110.    Upon information and belief, defendant officers, cps workers, and school administration were incompetent and unfit for their positions.

111.    Upon information and belief, defendant City, Hansell of A.C.S, and NYC Board of Education knew or should have known through exercise of reasonable diligence that the defendants were potentially dangerous because of the false arrest and violation of the constitutional rights of the plaintiff without probable cause.

112.    Defendant City's, A.C.S. and NYC Board of Education negligence in hiring and retaining the defendants proximately caused plaintiff's injuries.

113.    Because of the defendant City's, A.C.S., and NYC Board of Education negligent hiring and retention of the defendants, plaintiff incurred damages described above.

## SIXTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

114.    The above paragraphs are here incorporated by reference.

115.    Defendants intentional tortious acts were undertaken within the scope of their employment by Defendant City of New York, Administration of Children Services, and NYC Board of Education and in furtherance of the defendant City of New York's interest.

116.    As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, Plaintiff was damaged.

**WHEREFORE,** plaintiff demand judgment against the defendants, jointly and severally, as follows:

A.      In favor of the Plaintiff in the amount of $100,000,000 for the causes of action.

B.      Awarding Plaintiff punitive damages in an amount to be determined by a jury.

C.      Granting such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

**I declare under the penalty of perjury that the foregoing is true and correct**

VANDYKE JOHNSON
850 WEST 176TH Street
Basement Apartment
New York, N.Y. 10033
(646) 265-6095

Certificate #: U-000004412-N



Page 1 of 1

# NEW YORK CRIMINAL COURT

100 Centre St., New York, NY 10013

Phone: (646) 386-4500  Fax: (718) 374-5293

**NO FEE**
Non-Public
Version

The People of the State of New York
vs.
**Vandyke Johnson**

**Certificate of Disposition**
Docket Number:        **CR-027414-19NY**

Defendant DOB: **10/13/1976**

Arrest Date: **08/22/2019**        Arraignment Date: **08/23/2019**

THIS IS TO CERTIFY that the undersigned has examined the files of the **New York Criminal Court** concerning the above entitled matter and finds the following:

| Count | Arraignment Charge | Charge Weight | Disposition | Disposition Date |
|-------|-------------------|---------------|-------------|------------------|
| 1 | PL 120.00 02 AM Aslt:Recklsly Cause Phys Injry **SEALED 160.50** | AM | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 11/25/2019 |
| 2 | PL 240.26 01 V Harassment-2nd:Physical Cntact **SEALED 160.50** | V | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 11/25/2019 |
| 3 | PL 120.00 01 AM Aslt 3-W/Int Cause Phys Injury **SEALED 160.50** | AM | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 11/25/2019 |
| 4-5 | PL 260.10 01 AM Act In Manner Injur Child < 17 **SEALED 160.50** | AM | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 11/25/2019 |

Dated:  **November 25, 2019**

**Chief Clerk/Clerk of the Court**

## CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law, in connection with the licensing, employment or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. [Executive Law § 296 (16)] Arraignment charges may not be the same as the original arrest charges.

CPL 160.50:        All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.



Certificate #: U-000006847-N

Page 1 of 1



# NEW YORK CRIMINAL COURT

100 Centre St., New York, NY 10013

Phone: (646) 386-4500  Fax: (718) 374-5293

## NO FEE
### Non-Public
### Version

The People of the State of New York

vs.

**Vandyke Johnson**

**Certificate of Disposition**

Docket Number:    **CR-037471-19NY**

Defendant DOB: **10/13/1976**

Arrest Date: **11/25/2019**     Arraignment Date: **11/26/2019**

THIS IS TO CERTIFY that the undersigned has examined the files of the **New York Criminal Court** concerning the above entitled matter and finds the following:

| Count | Arraignment Charge | Charge Weight | Disposition | Disposition Date |
|-------|-------------------|---------------|-------------|------------------|
| 1 | PL 215.50 03 AM Crim Contempt-2nd:Disobey Crt **SEALED 160.50** | AM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 03/05/2020 |

Dated:    **March 5, 2020**

**Chief Clerk/Clerk of the Court**

## CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law, in connection with the licensing, employment or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. [Executive Law § 296 (16)]
Arraignment charges may not be the same as the original arrest charges.
CPL 160.50:       All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.



SEALED

pursuant to Section 160.50 of the CPL

FedEx Express



Vandyke Johnson
850 West 176th Street
Basement Apartment
New York, N.Y. 10033

To reuse, cover or mark through any previous shipping information.

Align top of FedEx Express® shipping label here.



RECEIVED
APR 13 2020
CLERK'S OFFICE
S.D.N.Y.

USMS
SDNY

Reusable Envelope



RECEIVED
APR 13 2020
CLERK'S OFFICE
S.D.N.Y.

Pro Se Office
500 Pearl Street
N.Y. N.Y. 10007



Pro Se
Intake

Align bottom of peel-and-stick airbill or pouch here.