UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



VANDYKE JOHNSON,

                              Plaintiff,

              -against-

CITY OF NEW YORK; DIANA ALAMA, *CPS
Worker*; JANE DOE, CPS Worker; BRONX
CARE HEALTH SYSTEM; DAVID A.
HANSELL, *Commissioner, Administration for
Children's Services*,

                              Defendants.

20-CV-3083 (GBD)

ORDER OF SERVICE

**GEORGE B. DANIELS, United States District Judge:**

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983. In his amended complaint,

Plaintiff asserts claims arising from his arrests on November 25, 2019, and February 12, 2020,

and claims arising from the February 7, 2020 removal of his two minor children from parental

custody. By order dated April 20, 2020, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis*.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see

Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.    Service on Named Defendants

Because Plaintiff has been granted permission to proceed *in forma pauperis* (IFP), he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and amended complaint until the Court reviewed the amended complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the amended complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants City of New York, Diana Alama, the Bronx Care Health System, and Commissioner David A. Hansell of the Administration for Children's Services (ACS), through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of

these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if he fails to do so.

**B.     Jane Doe ACS Worker**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the amended complaint, Plaintiff supplies sufficient information to permit ACS to identify the Jane Doe ACS employee who was present at Bronx Care Health System hospital on February 7, 2020, and involved in the decision to remove Plaintiff's children from parental custody. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of ACS, must ascertain the identity of the Jane Doe ACS worker whom Plaintiff seeks to sue here and the address where the defendant may be served. The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming the Jane Doe defendant. The second amended complaint will replace, not supplement, the amended complaint. A second amended complaint form for Plaintiff to complete after receiving this information is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen it and, if necessary, issue an order directing the Clerk of Court to complete a USM-285 form with the address for the newly identified defendant and deliver to the U.S. Marshals Service all documents necessary to effect service on that defendant.

3

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete USM-285 forms with the addresses for Defendants City of New York, the Bronx Care Health System, ACS Commissioner David A. Hansell, and Diana Alama, and deliver to the U.S. Marshals Service all documents necessary to effect service on these defendants.

The Clerk of Court is directed to mail a copy of this order and the amended complaint (ECF No. 10) to the New York City Law Department at 100 Church Street New York, NY 10007.

SO ORDERED.

Dated:     OCT 2 9 2020
          New York, New York

_____
GEORGE B. DANIELS
United States District Judge

4

## DEFENDANTS AND SERVICE ADDRESSES

1.  City of New York
    100 Church Street
    New York, NY 10007

2.  Bronx Care Health System
    1650 Grand Concourse
    Bronx, NY 10457

3.  David A. Hansell, Commissioner
    Administration for Children's Services
    150 William Street
    New York, NY 10038

4.  Diana Alama
    Administration for Children's Services
    55 West 125th Street
    New York, NY 10027