UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

VANDYKE JOHNSON,

                           Plaintiff,

        -against-

CITY OF NEW YORK; DIANA ALAMA, CPS
WORKER; JANE DOE, CPS WORKER; BRONX
CARE HEALTH SYSTEM; AND DAVID A.
HANSELL, *Commissioner Administration for
Children's Services*

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

20 Civ. 3083 (GBD) (BCM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 3 0 2021

GEORGE B. DANIELS, United States District Judge:

      Plaintiff Vandyke Johnson, *pro se*, brings this action on behalf of himself and his two minor

children pursuant to 42 U.S.C. § 1983 against the City of New York, the Commissioner of the New

York City Administration for Children's Services ("ACS"), ACS employees Diana Alama and

Sheena Blaise, and BronxCare Health System ("BronxCare") in connection with the medical

examination and questioning of Plaintiff's children for suspected child abuse on February 7, 2020.

(Second Amended Complaint ("SAC"), ECF No. 25, ¶¶ 35-50.) Plaintiff alleges that BronxCare

violated his childrens' Fourth Amendment right against unreasonable searches and seizures. (*Id.* at

¶ 45.) Plantiff also alleges that BronxCare deprived him, together with his children, of due process

under the Fourteenth Amendment, when BronxCare medical staff examined Plaintiff's children for

signs of child abuse, at the direction of ACS. (*Id.* at ¶ 45.) Defendant BronxCare moves to dismiss

Plaintiff's SAC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

(BronxCare's Notice of Motion to Dismiss the SAC, ECF No. 35.)

      Before this Court is Magistrate Judge Barbara Moses' August 23, 2021 Report and

Recommendation (the "Report"), recommending that BronxCare's motion be granted, and that

Plaintiff's due process claims against BronxCare be dismiss with prejudice, but that Plaintiff's claims on behalf of his minor children be dismissed without prejudice. (Report, ECF No. 62, at 26.)  In her Report, Magistrate Judge Moses advised the parties that failure to file timely objections would constitute waiver of those objections on appeal.  (*Id.* at 26.)  Plaintiff filed timely objections on August 30, 2021.  (Plaintiff's Objections to the Report ("Pl.'s Objections"), ECF No. 64.)  After requesting, and receiving, an extension for the deadline to respond to Plaintiff's Objections, BronxCare filed a timely response to Plaintiff's Objections on September 27, 2021.  (Defendant's Response to Plaintiff's Objections (BronxCare's Response to Plaintiff's Objections (BronxCare's Objs.), ECF No. 69.)  Plaintiff objects to the Court's determination that Plaintiff has failed to plausibly plead a claim for relief based on BronxCare's medical examination of Plaintiff's children absent Plaintiff's consent or a court order. (Pl.'s Objs. at 4.)  In light of Plaintiffs general objections, which restate arguments already presented to Magistrate Judge Moses, (Plaintiff's Opposition to BronxCare's Motion to Dismiss the SAC ("Pl.'s Opp.), ECF No. 40, at 4-5),  the Court reviews the Report for clear error.

Having reviewed the Magistrate Judge Moses' Report as well as Plaintiff's objections and the parties' subsequent filings, this Court overrules the objections and ADOPTS the Report in full. Accordingly, BronxCare's motion to dismiss the SAC is GRANTED.

## I.   FACTS

On February 7, 2020, Plaintiff's wife was arrested and charged with felony assault in the second degree and criminal obstruction of breathing. (SAC at ¶ 35.)  The criminal complaint alleges that Plaintiff's wife struck Plaintiff's then 13-year old daughter ("AOM") with a belt and "pulled the belt around [her] neck." (Exhibit B to Pl.'s Letter dated March 26, 2021 (Criminal Complaint), ECF No. 51-2, 1.)  In connection with the incident, ACS directed both children to be

taken to BronxCare. (SAC¶ 37.) Once at BronxCare, ACS directed medical staff to examine the children for suspected child abuse. (*Id.* at ¶ 43, 45.) Plaintiff objected to the examination and was physically removed after BronxCare called 911. (*Id.* at ¶ 44.) The examination of the children proceeded without a court order or parental consent." (*Id.* at ¶ 43, 45.)

## II.   LEGAL STANDARD

### A. Reports and Recommendations

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). If no party files objections to a report and recommendation, the court "need only satisfy itself that there is no clear error on the face of the record." *Kessler v. Colvin*, 48 F. Supp. 3d 578, 582 (S.D.N.Y. 2014) (citing *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and quotation marks omitted). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure[.]'" *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (first alteration in original) (citation omitted).

The clear error standard also applies where the objections filed are "'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge,'" and are therefore improper. *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). When a party has filed proper objections, however, the court must make a *de novo* determination as to those portions of the report to which the objections are made. *See* 28 U.S.C. § 636(b)(1)(C); *Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The court

makes such a *de novo* determination when it "arrive[s] at its own, independent conclusion." *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

**B. Federal Rule of Civil Procedure 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, which must be taken as true for the purpose of deciding a motion to dismiss, "plausibly give rise to an entitlement to relief." *Id.; see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013). This is particularly true for *pro se* plaintiffs, whose submissions are read liberally and interpreted to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

4

## C. *Pro Se*

"It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). In general, *pro se* litigants deserve "more lenient treatment than those represented by counsel" but still "have an obligation to comply with court orders." *Koehl v. Greene*, 424 F. App'x 61, 62 (2d Cir. 2011) (citing *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988)).

### III.    THE REPORT IS ADOPTED

Magistrate Judge Moses correctly determined that Plaintiff's claims on behalf of his daughters should be dismissed without prejudice because a *pro se* individual cannot vicariously assert his children's rights in court. (Report at 11-13.)    First, Magistrate Judge Moses correctly found that Plaintiff's SAC asserts claims on behalf of his children for alleged violations of their rights to be free from unreasonable search and seizure. (Report at 8.)   Second, Magistrate Judge Moses conducted a careful review of the relevant case law and correctly found that since Fourth Amendment rights are personal rights, a parent proceeding *pro se* many not vicariously assert a Fourth Amendment-based claim on behalf of their child. (*Id.* at 8.)   Finally, Magistrate Judge Moses found that while there may be an exception where  the parent is a licensed attorney, there is no evidence in the record showing that such an exception would apply to this case. (*Id.* at 13.)   Neither party objects to that portion of Magistrate Judge Cave's determinations.[1]   This Court has reviewed this portion of the Report and finds no error. Accordingly, Plaintiff's claims on behalf of his children are dismissed without prejudice.

---

[1] While Plaintiff concededs Magistrate Judge Moses determination, Plaintiff seeks to "petition the Court for Counsel, pro-bono, to represent his minor children so their 4th Amendment claims against Bronx Care [*sic*] Defendants can be intact and save time consuming to refile against Defendant BronxCare [.]" (Pl.'s Objs. at 3.)  Plaintiff's request is denied as improper.

Magistrate Judge Moses also correctly determined that Plaintiff's § 1983 claims against BronxCare should be dismissed because Plaintiff did not plausibly plead facts showing he is entitled to relief. (Report at 23.) As Magistrate Judge Moses appropriately found, BronxCare can be held liable for the torts of its employees under § 1983, but only where the employees acted pursuant to an official policy or where the action is taken by a "policy maker." (*Id.* at 22.) Magistrate Judge Moses correctly found that there were no factual allegations in the SAC that BronxCare had examined Plaintiff's daughters pursuant to any policy or custom of denying or violating the constitutional rights of minors, or that the unidentified individuals who performed the examinations were hospital policymakers. (*Id.* at 23.) While Plaintiff asserted that BronxCare "created a policy or custom under which unconstitutional practices occurred and allowed such policies to continue," (*id.*), the Magistrate Judge correctly found that this was a conclusory statement and therefore could not be taken as true for the purpose of reviewing Defendant's opposition. (*Id.*) Magistrate Judge Moses also correctly found that, as Plaintiff's federal claims against BronxCare should be dismissed, Plaintiff's state law claims should be dismissed in the interest of judicial economy, convenience, or fairness. (*Id.* at 25.) Plaintiff objects to the determination that he has failed to state a federal claim against BronxCare and states that "there is a 14th Amendment violation of Plaintiff's rights . . . [becase] . . . this was a non-emergency illegal examination that required consent or court order . . . [.]" (Pl.'s Objs. 4.) However, this was the same argument raised in Plaintiff's opposition, which was already considered and rejected in Magistrate Judge Moses' well-reasoned Report. (Pl.'s Opp at 4-5.)   This Court has reviewed this portion of the Report and finds no error. Accordingly, Plaintiff's federal and statelaw claims are dismissed without prejudice.

## IV.   CONCLUSION

Magistrate Judge Moses' Report is ADOPTED.  Defendant's motion to dismiss is GRANTED.  Plaintffs' § 1983 claims against BronxCare are dismissed with prejudice.

6

Plaintiffs' state law claims against BronxCare are dismissed without prejudice.  Plaintiffs'

childrens' claims are  dismissed without prejudice.  The Clerk of the Court is directed to close

the motion, (ECF No. 35).

Dated: New York, New York
   September 30, 2021

          SO ORDERED.

          GEORGE B. DANIELS
          United States District Judge