USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

VANDYKE JOHNSON,

      Plaintiff,

 -against-

CITY OF NEW YORK, et al.,

      Defendants.

20-CV-3083 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

  In a Memorandum Decision and Order dated September 30, 2021 (Mem. Dec.) (Dkt. No. 71), the Hon. George B. Daniels adopted my Report and Recommendation dated August 23, 2021 (Dkt. No. 62) and dismissed all of the claims that *pro se* plaintiff Vandyke Johnson asserted in his Second Amended Complaint (SAC) (Dkt. No. 25) against defendant BronxCare Health System. Pursuant to ¶ 1 of my Scheduling Order, also dated August 23, 2021 (Dkt. No. 63), plaintiff was required to advise the Court and the remaining defendants (the ACS Defendants) in writing, no later than October 14, 2021, "whether he wishes to withdraw any of his current claims against the ACS Defendants," so that the ACS Defendants could focus their anticipated motion to dismiss (due two weeks later) on the claims that plaintiff intended to pursue.

  Plaintiff failed to file the required notice. Instead, on October 14, 2021, he filed a motion for leave to file a Third Amended Complaint (Dkt. No. 72), with an attached proposed Third Amended Complaint (Proposed TAC). By letter dated October 18, 2021 (Dkt. No. 73), the ACS Defendants seek clarification "as to how, if at all, plaintiff's motion has impacted the Court's August 23, 2021 Scheduling Order."

  It appears to the Court that the proposed TAC is intended to completely replace the SAC, and would therefore obviate the ACS Defendants' anticipated motion to dismiss the claims asserted against them in the SAC. However, some of the claims asserted in the Proposed TAC are clearly

barred by the decision dismissing portions of the SAC, including all of the claims that plaintiff attempts to assert on behalf of (or based on the rights of) his daughter and stepdaughter. As the district judge explained, "a *pro se* individual cannot vicariously assert his children's rights in court." Mem. Dec. at 5. Accordingly, plaintiff may not sue the ACS Defendants for violating the children's personal constitutional rights to be free of unreasonable searches and seizures. *See* Prop. TAC ¶¶ 47-54, 76(d)-(f), 83-86, 97-99. Other claims asserted in the Proposed TAC may be vulnerable to a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b).

The Court will conduct a status and scheduling conference on **November 1, 2021, at 11:00 a.m.**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse. Prior to the conference, counsel for the ACS Defendants shall meet and confer in good faith with plaintiff Johnson as to whether the parties wish to stipulate to the filing of the Proposed TAC – in which case it will supersede the SAC – without prejudice to the ACS Defendants' right to move against the TAC pursuant to Rule 12(b) or otherwise. If the parties so agree, they may submit an appropriate stipulation and proposed order, no later than **October 27, 2021**, including a schedule for the ACS Defendants' motion. If they cannot agree, the Court will address the necessary sequencing and scheduling issues at the conference.

The Clerk of Court is respectfully directed to mail a copy of this Order to the plaintiff.

Dated: New York, New York
October 19, 2021

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**